# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

HEATHER HERNDON,

                Plaintiff,

        v.

EXPERIAN, *et al.*,                    Case No. 3:22-cv-00165-SLG

                Defendants.

## ORDER RE PENDING MOTIONS

Before the Court at Docket 25 is Plaintiff's *Motion to Sequester and Compel*. Defendants responded in opposition to the motion at Docket 26. No reply was filed. Also before the Court at Docket 27 is Plaintiff's *Motion to Compel Subpoena and Attachment*. Defendants did not file a response to the motion. Plaintiff additionally filed a *Notice and Affidavit on Exhibits* at Docket 28.

The motion to sequester appears to take issue with the initial disclosures that Defendants provided to Plaintiff, asserting that Defendants "released unauthorized personal information to [the] public." But as Defendants explain, they only tendered the documents to Plaintiff and did so pursuant to the applicable rule of the Federal Rules of Civil Procedure. Accordingly, the motion at Docket 25 is DENIED.

The motion to compel seeks to compel Equifax to answer a subpoena that Plaintiff served in July 2022. Equifax apparently explained to Plaintiff in an email

that it would not respond to the subpoena, citing 15 U.S.C. § 1681, *et seq.*, the Fair

Credit Reporting Act.[1]  Equifax also apprised Plaintiff that she could obtain her own

consumer reports if she provided a notarized authorization.  Plaintiff did not file a

copy of the subpoena that she served on Equifax.  Nor did she provide proof that

she served a copy of the motion on Equifax, an entity that is not identified as a

party to this litigation.[2]  Based on the foregoing, Plaintiff has not demonstrated that

an order compelling Equifax to respond to a subpoena is warranted.  Therefore,

the motion at Docket 27 is DENIED.[3]

DATED this 18th day of January, 2023, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[1] Docket 27-1 at 1.

[2] *See generally* Rule 45, Federal Rules of Civil Procedure

[3] To the extent Plaintiff also seeks to add Equifax as a defendant in this case, then she must first move to amend the scheduling order seeking leave of the Court because the deadline to file a motion to amend the pleadings was to be filed by October 18, 2022.  *See* Docket 24 at 7-8; Rule 16(b)(4), Federal Rules of Civil Procedure.  And if permitted to file a motion to amend the pleadings at this time, she must follow the procedure set out in District of Alaska Local Civil Rule 15.1.