# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

HEATHER HERNDON,

    Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC.,

    Defendant.

Case No. 3:22-cv-00165-SLG

## ORDER RE PENDING MOTIONS

Before the Court at Docket 30 is Plaintiff Heather Herndon's *Motion for Summary Judgment*. Defendant Experian Information Solutions, Inc. filed a brief in opposition at Docket 36. Ms. Herndon filed her reply at Docket 38. Also before the Court is Defendant's *Request to Extend Fact Discovery Deadline* at Docket 45; Plaintiff filed an "Order to Move the Court" at Docket 46 in which she objected to the extension request, to which Defendant replied at Docket 47. In addition, Plaintiff has filed several notices with the Court which are addressed below. Oral argument was not requested and was not necessary to the Court's determination.

### I. Plaintiff's Motion for Summary Judgment

Plaintiff seeks summary judgment in her favor "in the full amount of $1,000,000 in addition to the penalty of $14,000 for 16 years of failure for Defendant to remove four items from Plaintiff's credit report until 90 days after court

action."[1] Defendant opposes, as it maintains that the motion is premature and that Plaintiff has not established that she is entitled to judgment as a matter of law.

A motion for summary judgment made pursuant to Rule 56 of Federal Civil Procedure is a dispositive motion that is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A party seeking summary judgment must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), to show that there is no genuine issue of material fact for trial and that the party is entitled to judgment as a matter of law based on those undisputed facts. A party may not rely "solely on conclusory allegations unsupported by factual data."[2]

Plaintiff's sworn motion alleges that four items that were improperly on her credit report were not removed until 90 days after she initiated this court action. Plaintiff first seeks $1,000,000 as damages. This appears based on 18 U.S.C. § 1005 and is stated as a cause of action in Plaintiff's amended complaint.[3] This is a criminal statute, which criminalizes various acts related to bank entries, reports, and transactions and, following a conviction in a criminal case, provides for a

---

[1] Docket 30 at 1.

[2] *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citing *Angel v. Seattle-First Nat'l Bank*, 653 F.2d 1293, 1299 (9th Cir. 1981)).

[3] Docket 9 at 1.

Case No. 3:22-cv-00165-SLG, *Herndon v. Experian Information Solutions, Inc.*
Order re Pending Motions
Page 2 of 5
Case 3:22-cv-00165-SLG   Document 49   Filed 04/20/23   Page 2 of 5

maximum $1,000,000 fine, payable to the U.S. Treasury. But a potential criminal fine cannot serve as the basis for an award of damages to a private litigant in a civil case.[4] Therefore, Plaintiff is not entitled to damages of $1,000,000 pursuant to 18 U.S.C § 1005.[5]

Plaintiff also seeks damages of $14,000. In her amended complaint, she asserts that this is based on the Fair Credit Reporting Act, "to which there is a penalty of $1,000 per instance for which [she] added $4,000 plus $10,000 damages decreasing [her] credit score by more than 100 points in one month for a total of $14,000."[6]

The Fair Credit Reporting Act allows for a consumer to recover any actual damages sustained by the consumer as a result of a willful failure to comply with that act, in an amount "of not less than $100 and not more than $1,000." In addition, it provides for "such amount of punitive damages as the court may allow."[7] But Plaintiff's motion does not set forth facts demonstrating in what manner Defendant willfully failed to comply with the Fair Credit Reporting Act. Nor does it explain why Plaintiff is entitled as a matter of law to a judgment for damages in the

---

[4] *See generally Browning-Ferris Indus. of Vermont, Inc. v. Kelco Disposal, Inc.*, 492 U.S. 257, 268 (1989) (discussing the difference between civil damages and criminal fines).

[5] Defendants also assert that 18 U.S.C. § 1005 "is not applicable to a credit reporting agency such as Experian." Docket 36 at 3.

[6] Docket 9 at 2.

[7] 15 U.S.C. § 1681n.

Case No. 3:22-cv-00165-SLG, *Herndon v. Experian Information Solutions, Inc.*
Order re Pending Motions
Page 3 of 5
Case 3:22-cv-00165-SLG   Document 49   Filed 04/20/23   Page 3 of 5

amount of $14,000. Therefore, the motion for summary judgment must be denied.

## II. Filing Notices with the Court

Plaintiff has filed multiple "notices" with this Court. Plaintiff is cautioned that non-procedurally compliant filings will not be considered. Notices are a type of filing that should be rarely used and only for administrative functions—e.g., to notify the court of a change of address or to inform the Court that an attorney is appearing to represent a client.[8] Notices that do not comply with the procedural rules cannot be considered and should not be filed. All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a motion, with an appropriate caption designating the name of the motion. And for all but dispositive motions, the moving party is required to file with the motion a proposed order setting forth the relief that the party is seeking.[9] Accordingly, the Court will take no action on the various notices filed at Dockets 34, 39, 41, and 42, and they will not be considered by the Court for relief.

## III. Defendant's Request for Extension of Time

At Docket 45, Defendant seeks to extend the deadline for fact discovery to August 4, 2023, approximately three months out. Defendant states Plaintiff has not yet provided her initial disclosures required by Federal Rule Civil Procedure

---

[8] *See* Alaska L. Civ. R. 11.1(b) (mandating self-represented litigants submit notice of a change of address and telephone number); Alaska L. Civ. R. 11.1(a) (instituting procedures for attorneys entering an appearance on behalf of their client).

[9] *See* Alaska L. Civ. R. 7.1(b).

Case No. 3:22-cv-00165-SLG, *Herndon v. Experian Information Solutions, Inc.*
Order re Pending Motions
Page 4 of 5
Case 3:22-cv-00165-SLG   Document 49   Filed 04/20/23   Page 4 of 5

26(a), and that Defendant is also awaiting responses to discovery requests it recently propounded. Plaintiff opposes, and indicates she is now seeking a summary judgment of $2,014,000.

Defendant has shown good cause to extend the fact discovery deadline; therefore, the motion is granted. However, no additional extensions of the fact discovery deadline will be granted absent a showing of exceptional good cause.

## CONCLUSION

In light of the foregoing, IT IS ORDERED as follows.

1. Plaintiff's Motion for Summary Judgment is DENIED.

2. Defendant's motion for an extension of the fact discovery deadline is GRANTED; the close of fact discovery in now August 4, 2023.

DATED this 20th day of April, 2023, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:22-cv-00165-SLG, *Herndon v. Experian Information Solutions, Inc.*
Order re Pending Motions
Page 5 of 5
Case 3:22-cv-00165-SLG   Document 49   Filed 04/20/23   Page 5 of 5