# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

HEATHER HERNDON,

    Plaintiff,

    v.

EXPERIAN, *et al.*,

    Defendants.

Case No. 3:22-cv-00165-SLG

## ORDER DENYING INJUNCTION

Before the Court at Docket 55 is Plaintiff Heather Herndon's filing, simply titled "Injunction." Defendant Experian Information Solutions, Inc. ("Experian"), filed a response in opposition at Docket 57, and Ms. Herndon filed a reply at Docket 61. The Court will treat Ms. Herndon's filing at Docket 55 as a motion for a permanent injunction.[1]

Ms. Herndon seeks a Court order that would prevent Experian "from continuing to record fraudulent entries on Plaintiff's Credit Report."[2] Ms. Herndon asserts that Experian "record[ed] fraudulent and fictitious 2010 debt that was not on [her] credit report until around March 30, 2023."[3]

---

[1] *But see* Docket 65 at 2 (Order Denying Third Demand for Reassignment of Judge). This Court will not take any action on future filings that are not appropriately captioned or substantially in compliance with the local rules for filing motions.

[2] Docket 55 at 1.

[3] Docket 55 at 1.

Experian responds that Ms. Herndon's request is vague because her filing does not detail what entries Ms. Herndon is alleging were fraudulently recorded.[4] In addition, Experian maintains that "a private plaintiff cannot obtain injunctive relief under the Fair Credit Reporting Act"; "Plaintiff has failed to meet the requisite standard" for injunctive relief; "Plaintiff's allegations in the Motion are not pled in her Amended Complaint"; and "Plaintiff's Motion is riddled with non-cognizable allegations that do not even pertain to Experian."[5]

The Court concurs with Experian that injunctive relief does not appear to be available to a private litigant such as Ms. Herndon pursuant to the Fair Credit Reporting Act ("FCRA").[6] Even if injunctive relief were available, an injunction is an "extraordinary remedy never awarded as of right."[7] "To be entitled to a permanent injunction, a plaintiff must demonstrate: (1) actual success on the merits; (2) that [she] has suffered an irreparable injury; (3) that remedies available at law are inadequate; (4) that the balance of hardships justify a remedy in equity;

---

[4] Docket 57 at 7. In her reply, Ms. Herndon states that "two fraudulent items totaling in the amount of $18,281" were added to her credit report, but she is still not specific as to what entries she is referring. Docket 61 at 1. It would have assisted the Court if Ms. Herndon had filed a copy of her credit report, with appropriate redactions as per Federal Rule of Civil Procedure 5.2, that would clearly delineate her claims.

[5] Docket 57 at 2.

[6] *See Washington v. CSC Credit Servs. Inc.*, 199 F.3d 263, 268 (5th Cir. 2000) (holding that only the Federal Trade Commission, and not private litigants, could obtain injunctive relief under the FCRA); *Howard v. Blue Ridge Bank*, 371 F. Supp. 2d 1139, 1145 (N.D. Cal. 2005) (concluding "that the FCRA does clearly preclude injunctive relief" to private litigants).

[7] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

Case No. 3:22-cv-00165-SLG, *Herndon v. Experian, et al.*
Order Denying Injunction
Page 2 of 3
Case 3:22-cv-00165-SLG   Document 66   Filed 06/14/23   Page 2 of 3

and (5) that the public interest would not be disserved by a permanent injunction."[8]

Ms. Herndon requests a permanent injunction, but she has not yet demonstrated actual success on the merits of her suit. Even if injunctive relief were available, she has not shown that she is entitled to a permanent injunction.

In light of the foregoing, IT IS ORDERED that Plaintiff's filing at Docket 55 is DENIED.

DATED this 14th day of June, 2023, at Anchorage, Alaska.

/s/ Sharon L. Gleason
UNITED STATES DISTRICT JUDGE

---

[8] *Edmo v. Corizon, Inc.*, 935 F.3d 757, 784 (9th Cir. 2019) (quoting *Indep. Training & Apprenticeship Program v. Cal. Dep't of Indus. Rels.*, 730 F.3d 1024, 1032 (9th Cir. 2013)).

Case No. 3:22-cv-00165-SLG, *Herndon v. Experian, et al.*
Order Denying Injunction
Page 3 of 3
Case 3:22-cv-00165-SLG   Document 66   Filed 06/14/23   Page 3 of 3