# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HEATHER HERNDON,<br><br>    Plaintiff,<br><br>  v.<br><br>EXPERIAN, *et al.*,<br><br>    Defendants. | Case No. 3:22-cv-00165-SLG |

**ORDER RE DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S MOTION TO COMPEL DEPOSITION OF PLAINTIFF AND RESPONSES TO WRITTEN DISCOVERY**

  Before the Court at Docket 69 is *Defendant Experian Information Solutions, Inc.'s Motion to Compel Deposition of Plaintiff and Responses to Written Discovery.* Plaintiff did not file a response.[1] The Court set a hearing on the motion in an order issued at Docket 73, with the intent of discussing on the record with the parties the motion to compel and, in that context, the obligation of a litigant such as Ms. Herndon, who seeks to invoke the jurisdiction of this court to enter a money judgment against Experian in her favor, to follow the rules of this court, including the Federal Rules of Civil Procedure, the Local Civil Rules of the District of Alaska, and the orders of this Court entered in this case. Failure to follow these rules can

---

[1] Plaintiff has recently filed several notices; but notices are not treated as oppositions or motions. Requests for relief from the Court must be in the form of a motion; a party's disagreement with a motion filed by another party must be in the form of an opposition and filed within the time limit required for such oppositions by the Local Civil Rules.

result in the imposition of sanctions against a party, including but not limited to, in the case of discovery violations, staying further proceedings until an order is obeyed, awarding costs and attorneys fees, dismissal of the action, and, in a severe case, a finding of contempt. *See* Rule 37 (b)(2), (4), Federal Rules of Civil Procedure.

In light of Ms. Herndon's recent filing of a notice that she "will not be appearing on August 30, 2023 to be compelled to contract against her will,"[2] the previously set hearing on the motion to compel on that date is VACATED. The Court finds that oral argument on the motion is not necessary when the litigant against whom the motion was filed has not filed an opposition to the motion and has also given notice that she does not intend to appear at the hearing that the Court set on the motion.

Defendant Experian Information Solutions, Inc.'s motion to compel now being ripe, and good cause being shown, IT IS ORDERED that the motion to compel at Docket 69 is GRANTED. Plaintiff Herndon is ordered to respond in full to Experian's written discovery requests—that is, Experian's First Set of Interrogatories, Requests for Admission, and Requests for Document Production—without objection, including producing all responsive documents in her possession, custody, and control, by **September 1, 2023**. Plaintiff is further ordered to appear in person for deposition at a date, time, and location to be

---

[2] *See* Docket 75 at 1.

Case No. 3:22-cv-00165-SLG, *Herndon v. Experian, et al.*
Order re Defendant's Motion to Compel
Case 3:22-cv-00165-SLG Document 76 Filed 08/18/23 Page 2 of 3

determined by Defendant Experian. Additionally, the Court grants Experian's request for leave to seek fees and costs associated with Plaintiff's failure to appear for deposition and for preparing the current motion. Experian shall submit any such request for fees and costs to the Court within 14 days of the date of this order. If such a request is filed, Ms. Herndon is accorded 14 days in which to file an opposition to that motion. *See* Local Civil Rule 7.2(b)(1).

DATED this 18th day of August, 2023, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:22-cv-00165-SLG, *Herndon v. Experian, et al.*
Order re Defendant's Motion to Compel
Case 3:22-cv-00165-SLG   Document 76   Filed 08/18/23   Page 3 of 3